UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO TORRES,<br><br>  Plaintiff,<br><br>  v.<br><br>WADDEL, et al.,<br><br>  Defendants. | Case No.: 1:14-cv-01217-BAM (PC)<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION WITHOUT PREJUDICE<br>(ECF No. 4) |

    Plaintiff Gustavo Torres ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 4, 2014. Plaintiff's complaint concerns allegations of deliberate indifference to his health and safety. Plaintiff has consented to the jurisdiction of the United States Magistrate Judge. (ECF No. 8.)

    On August 4, 2014, Plaintiff also filed a document entitled "Order to Show Cause for An Preliminary injunction & A Temporary Restrain[in]g Order" (ECF No. 4, p. 1.) The document appears to be a proposed order to show cause and injunction against Defendant Waddel and other unnamed defendants for the Court's signature. (ECF No. 4, p. 2.) Insofar as Plaintiff's document is construed as a motion for temporary restraining order and preliminary injunction, the motion is deficient and shall be denied without prejudice to refiling.

The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction, Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001), and "[a] preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Here, Plaintiff's proposed order does not establish that he is likely to succeed on the merits or suffer irreparable harm in the absence of an injunction, that the balance of equities tips in his favor or that an injunction is in the public interest. Rather, the proposed order merely states that Defendants should be restrained from "[c]ausing more harm at the hands of cellmates." (ECF No. 2, p. 2.)

Additionally, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S.Ct. 1562 (1969); S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007). In this case, the Court has not screened Plaintiff's complaint to determine whether it states a cognizable claim, no defendant has been ordered served and no defendant has yet made an appearance. At this juncture, the Court lacks personal jurisdiction over the defendants and it cannot issue an order requiring them to take any action. Zenith Radio Corp., 395 U.S. at 110; Ross, 504 F.3d at 1138-39. Plaintiff has requested leave to amend and the Court will screen any amended complaint in due course after its filing.

For these reasons, Plaintiff's motion for a temporary restraining order and a preliminary injunction, filed on August 4, 2014, is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **October 6, 2014**          /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28