1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO TORRES,<br><br>            Plaintiff,<br><br>    v.<br><br>BURKETT, et al.,<br><br>            Defendants. | 1:14-cv-01217-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 31) |

Plaintiff Gustavo Torres ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 4, 2014.

On October 15, 2015, Plaintiff filed a motion seeking the appointment of counsel. (ECF No. 31.) He argues that his imprisonment will greatly limit his ability to litigate his case, that the issues in his case are complex and require research and investigation, and that he has limited access to the law library and limited knowledge of the law. (Id. at 1.) He further contends that his English is not very good, his reading and writing level is a 3.6, and that the evidence and witnesses at any trial in his case will be better presented by an attorney. (Id.) Finally, he states that he has tried to find an attorney, but for monetary reasons he has not been successful. (Id. at 1-2.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to

1

represent him pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved. Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The limitations of incarceration imposed upon a party are generally not sufficient grounds to make the circumstances of an action exceptional. This court is faced with similar cases brought by prisoners in similar circumstances almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id. Despite Plaintiff's contention that his reading, writing, and English are not very good, the Court has found his filings thus far to be adequately articulated and understandable.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **October 26, 2015**         /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE