UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO TORRES,<br><br>        Plaintiff,<br><br>   v.<br><br>BURKETT, et al.,<br><br>        Defendants.<br>_____ / | Case No. 1:14-cv-01217-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY<br><br>(ECF No. 36) |

    Plaintiff Gustavo Torres ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's amended complaint, filed on October 29, 2014, against Defendants Burkett, Mercado and Cruz for failure to protect him from harm in violation of the Eighth Amendment.

    Currently before the Court is Plaintiff's motion to compel discovery. (ECF No. 36.) Plaintiff seeks an order compelling Defendants to provide "initial discovery and any other documents that are relevant to Plaintiff['s] claims." (Id. at 1.) Defendants oppose the motion, noting that their motion to dismiss is still pending, that they have not answered the amended complaint, and the Court has not yet issued any discovery and scheduling order. (ECF No. 37.) The time for Plaintiff to reply has passed and no reply has been filed. The motion is deemed submitted. Local Rule 230(l).

Proceedings brought by a person in the custody of the United States, a state, or a state subdivision who are not represented by an attorney are exempt from the required initial discovery disclosures. Fed. R. Civ. P. 26(a)(B)(iv). Further, as Defendants note, the First Information Order issued in this matter on August 6, 2014 provides as follows regarding the commencement of discovery in this matter:

> A. After defendants' answers are filed, the Court will issue an order opening discovery and setting deadlines for completing discovery, amending the pleadings, and filing dispositive motions. *No discovery may be initiated until the Court issues a discovery order or otherwise orders that discovery begin.*
>
> B. Once the Court allows discovery to begin, the parties may initiate it, as provided in both the Federal Rules of Civil Procedure and Local Rules, without additional approval from the Court.

(ECF No. 5, p. 4 (emphasis added).). Here, Defendants have not yet filed any answer, because their motion to dismiss Plaintiff's amended complaint, (ECF No. 28), is still pending. The Court expects to issue a findings and recommendation to the district judge regarding that motion at or around the time of this order. If the amended complaint is not dismissed, the matter will proceed with Defendants' answer and an eventual order opening discovery and setting scheduling deadlines in this matter. At that time, discovery may commence. Plaintiff's current motion to compel any discovery or to begin discovery in this matter is premature.

Further, as explained above, to the extent Plaintiff seeks initial disclosures from Defendants pursuant to Rule 26(a), the parties are not required to provide them in this action. Plaintiff will have to request discovery from Defendants as set forth in the Federal Rules of Civil Procedure, Local Rules, and the Court's First Informational Order. Plaintiff is encouraged to carefully review the Court's First Informational Order, as he is required to comply with it, and it provides him some guidance in this matter. The Court further informs Plaintiff that to the extent he seeks to review certain documents, such as his own health records, incident reports, Rules Violation Reports, and his central file, they should be available for Plaintiff to review by making the necessary requests to prison officials and staff. Requesting such information from Defendants may not be necessary.

///

1 | Accordingly, it is HEREBY ORDERED that Plaintiff's motion to compel discovery (ECF No. 36) is DENIED, without prejudice, as premature.

IT IS SO ORDERED.

   Dated: __September 2, 2016__      /s/ *Barbara A. McAuliffe*
                                                 UNITED STATES MAGISTRATE JUDGE