UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO TORRES,<br><br>   Plaintiff,<br><br>   v.<br><br>BURKETT, et al.,<br><br>   Defendants.<br> | Case No. 1:14-cv-01217-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES BE GRANTED<br><br>(ECF No. 28)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**FINDINGS AND RECOMMENDATION**

**I.      Introduction**

Plaintiff Gustavo Torres ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's amended complaint, filed on October 29, 2014, against Defendants Burkett, Mercado and Cruz for failure to protect him from harm in violation of the Eighth Amendment.

On September 14, 2015, Defendants filed a motion to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to exhaust administrative remedies as

required by the Prison Litigation Reform Act ("PLRA"). (ECF No. 28.) Plaintiff opposed the motion, (ECF No. 29), and Defendants filed a reply to the opposition, (ECF No. 30). The motion is deemed submitted. Local Rule 230(l).

## II. Defendants' Motion to Dismiss

Briefly summarized, Plaintiff alleged in his amended complaint that on July 21, 2013, August 5, 2013, and August 6, 2013, while he was housed at Kern Valley State Prison ("KSVP"), he was assaulted by inmates. Plaintiff further alleges that although Defendants were aware of threats to his safety, they were deliberately indifferent to the risk. (ECF No. 16.) Plaintiff's amended complaint does not address whether or how he sought to exhaust any informal or formal administrative remedies.

In Plaintiff's original complaint, filed August 4, 2014, he indicated that he sought and exhausted his administrative remedies "in the proper way," but the appeal system was "inadequate to resolve this issue." (ECF No. 1, p. 6.) Plaintiff describes his attempts to exhaust his administrative remedies, beginning with filing a Form 602 on March 25, 2014, Log No. KSVP-0-14-01016, at the California Correctional Institution ("CCI") in Tehachapi, California (where he was then-currently housed).[1] He was informed that he should send his complaint to KSVP. Plaintiff alleges that he did so, but KSVP never answered his Form 602. On April 10, 2014 and again on May 6, 2014, he sent another Form 602 to KSVP, and demanded an answer to his previously-filed Form 602s. Around July 10, 2014, he sent another Form 602 to the appeals coordinator at CCI, concerning the staff misconduct at KSVP. Plaintiff alleges that the officials were always shutting him down for no reason, and rejecting his appeals for reasons that he did not understand. (Id.)

Defendants move to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(6), on the grounds that his original complaint shows that he failed to comply with the thirty (30) day time limit for submitting inmate appeals.[2]

---

[1] Plaintiff wrote March 2, 2013 in his original complaint, but this date appears to be a typographical error, because the events at issue did not begin until July 2013. Also, copies of Plaintiff's Form 602s that he submitted with his opposition state that he filed his first Form 602 in March 2014. (ECF No. 29, pp. 11, 12.)

[2] Plaintiff's admissions in the original complaint regarding exhaustion may be considered for this motion. "When a pleading is amended or withdrawn, the superseded portion ceases to be a conclusive judicial admission; but it still remains as a statement once made by an authorized agent, and as such it is competent

A.     **Relevant Legal Standards**

　　1.     **Statutory Exhaustion Requirement**

Pursuant to the PLRA,"[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93 (2006) (alterations, footnote, and quotation marks omitted). Requiring exhaustion provides prison officials a "fair opportunity to correct their own errors" and creates an administrative record for grievances that eventually become the subject of federal court complaints. Id. at 94; see also Porter v. Nussle, 534 U.S. 516, 524-25 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter, 534 U.S. at 532. Prisoners must adhere to the deadlines and other "critical procedural rules" of the prison's grievance process, Woodford, 548 U.S. at 90; Jones, 549 U.S. at 218, such that an untimely or otherwise procedurally defective grievance is insufficient, Woodford, 548 U.S. at 83-84.

Failure to exhaust may be excused where the administrative remedies have been rendered "unavailable," and in such a case, the plaintiff bears the burden of demonstrating that the grievance process was unavailable to him through no fault of his own. Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010). See also Ward v. Chavez, 678 F.3d 1042, 1044-45 (9th Cir. 2012) (exhaustion excused where futile); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Brown, 422 F.3d at 939-40 (plaintiff not required to proceed to third level where appeal granted at second level and no further

---

evidence of the facts stated, though controvertible, like any other extrajudicial admission made by a party or his agent." Huey v. Honeywell, 82 F.3d 327, 333 (9th Cir. 1996) (quoting Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc., 32 F.2d 195, 198 (2nd Cir.), cert. denied, 280 U.S. 579, 50 S. Ct. 32, 74 L. Ed. 629 (1929)).

relief was available). Aside from this single exception, "the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.'...[a]nd that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account." Ross v. Blake, 136 S. Ct. 1850, 1856 (2016).

The test for deciding whether a grievance procedure was unavailable uses an objective standard. Albino v. Baca, 697 F.3d 1023, 1035 (9th Cir. 2012) ("Albino I"). "[A]ffirmative actions by jail staff preventing proper exhaustion, even if done innocently, make administrative remedies effectively unavailable." Id. at 1034. An inmate may demonstrate the unavailability of remedies by showing "(1) that jail staff affirmatively interfered with his ability to exhaust administrative remedies or (2) that the remedies were unknowable." Id. at 1033. The inmate must make "a good-faith effort" to determine and comply with a prison's grievance procedures. Id. at 1035.

### 2. California Department of Corrections and Rehabilitation (CDCR)

The State of California provides its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15 § 3084.1(a). The process is initiated by submitting a CDCR Form 602 ("602 form"). Id. at § 3084.2(a). At the time of the events alleged in this action, California prisoners were required to submit appeals within thirty (30) calendar days of the event being appealed, and the process was initiated by submission of the appeal at the first level. Id. at §§ 3084.7(a), 3084.8(b). Three levels of appeal were involved, including the first level, second level, and third level. Id. at § 3084.7. The third level of review exhausts administrative remedies. Id. at § 3084.7(d)(3). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford, 548 U.S. at 85; McKinney, 311 F.3d at 1199-1201.

### 3. Motion to Dismiss

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Defendants may raise exhaustion deficiencies as an affirmative defense under § 1997e(a) in either (1) a motion to dismiss pursuant to

Rule 12(b)(6) or (2) a motion for summary judgment under Rule 56. Albino v. Baca, 747 F.3d 1162, 1168-69 (9th Cir. 2014) (en banc) ("Albino II"). If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(e). Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). In ruling on the motion, the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). The court may also consider documents incorporated by reference into the complaint. Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, a court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Also, the Court need not credit "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).

**B.     Discussion**

In this case, Defendants have met their burden of showing that Plaintiff failed to exhaust his administrative remedies, as evident from the face of the complaint. Albino II, 747 F.3d at 1169 ("in those rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim"). Plaintiff's complaint discusses the appeals system and the filling of Form 602s regarding his claims, demonstrating that

administrative remedies were available and he was aware of them. Although he alleged that he attempted to appeal through that system and it was inadequate, he also affirmatively alleged that his first of several Form 602 appeals was filed on March 25, 2014, more than seven months after the July and August 2013 incidents underlying his claims. Even when taken as true and liberally construed, Plaintiff's additional allegations in his complaint that his appeals were never properly responded to, or were rejected for no reason or for excuses that he did not understand, do not excuse the fact that he did not file an appeal within the applicable thirty (30) day time limit. See Cal. Code Regs. tit. 15 § 3084.8(b) ("An inmate or parolee must submit the appeal within 30 calendar days of … [t]he occurrence of the event or decision being appealed[.]").

That a plaintiff must properly exhaust administrative remedies under the PLRA, including by timely filing a grievance or appeal, serves important purposes. Seeking administrative remedies is necessary to provide prisons a "fair opportunity to correct their own errors." Woodford, 548 U.S. at 94. Timely appeals promote those ends, as well as help create an appropriate administrative record, since grievances filed shortly after the events complained of allow for "witnesses [to] be identified and questioned while memories are still fresh, and evidence [to] be gathered and preserved." Id. at 95. Regardless, as recently confirmed by the United States Supreme Court, plaintiffs are obligated to comply with the PLRA's exhaustion requirement, "irrespective of any 'special circumstances.'" See Ross, 136 S. Ct. at 1856. Defendants have demonstrated that Plaintiff failed to satisfy that requirement, because his attempts to exhaust his administrative remedies were untimely, as shown by the face of Plaintiff's pleading.

In opposition to Defendants' motion to dismiss, Plaintiff attempts to address his failure to exhaust. He states in his opposition, which is signed under penalty of perjury, as follows:

> On August 8, 2013, I was placed in ASU at KVSP for battery on a peace officer. I tried to file a complaint relating this facts during the time they housed me at ASU. I've sent a complaint to the w[a]rden and never received an answer[]. C/Os at KVSP do not look in favor of an inmate when charged with battery on a peace officer. 3 months later, I've transferred to Tehachapi and I try to contact KSVP. I sent out 2 separate complaints with a CDCR 22 forms attached to the complaint dated on 4.10.2014 and one dated on 5.6.2014. the copies of the CDCR 22 forms are attached as Exhibit A.

///

> Also, I tried to file 2 separated CDCR 602 Appeals. I presented this complaints relating the facts of my complaint at Tehachapi and for one reason or another my 602s always got rejected or deny. One 602 is dated on June 3, 2014 and one is dated on July 11, 2014. This CDCR 602s are attached at Exhibit B.
>
> …
>
> I did my best to solve this issue by filing st[a]ff complaints and 602s. Exhaustion of legal remedies in prison was not possible due to grievances continually missing. Prison officials in retaliation preventing me from exhausting administrative remedies.

(ECF No. 29, p. 6, ¶ 13.) Plaintiff attaches to his opposition documents discussing that he was charged with a battery of a peace officer on August 8, 2013, and held in administrative segregation at KSVP for that incident. (Id. at pp. 15, 22, 23, 31-32.) He also attaches several pages from various Form 602s and Form 22 requests for an interview, item or service, (id. at pp. 11, 12, 15-16, 20-23), and responses to some of his appeals, (id. at pp. 14, 17-19). None of the Form 602s or Form 22s attached are dated earlier than April 10, 2014.

       Plaintiff appears to contend in his opposition that he could not exhaust his administrative remedies because they were unavailable. "An inmate need exhaust only such administrative remedies as are 'available.'" Ross, 136 S. Ct. at 1862. "A prisoner may demonstrate that an administrative remedy was 'effectively unavailable' to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting Hilao v. Estate of Marcos, 103 F.3d 767, 778 n. 5 (9th Cir. 1996)). Plaintiff bears the burden of demonstrating that "he 'took reasonable and appropriate steps to exhaust his . . . claim and was precluded from exhausting, not through his own fault. . . .'" Sapp, 623 F.3d at 822 (quoting Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010)).

       Even liberally construed and accepting Plaintiff's additional allegations as true, he has not met his burden to show that the administrative remedies in this case were unavailable, through no fault of his own. Plaintiff states that he sent a complaint to the warden at KSVP while he was housed in Ad Seg that was not responded to, and that grievances were continually missing. These assertions are insufficient to show any unavailability of administrative remedies. One cannot reasonably infer from these allegations that any complaint was timely and properly filed during the three or so months

1  Plaintiff states that he was housed in Ad Seg at KSVP, before he was transferred to Tehachapi.
2  Regarding Plaintiff's Form 22s and Form 602s that he states were sent to KSVP after he was
3  transferred to Tehachapi, by Plaintiff's own admission those were not sent until April 10, 2014 at the
4  earliest. Therefore, none of those forms were timely filed. Thus, to the extent Plaintiff argues that
5  remedies were unavailable because his complaints, appeals and requests were not responded to or
6  went missing, he has not demonstrated that he took all reasonable and appropriate steps in making
7  them, or that any official's failure to respond to them occurred not through his own fault.

8  Plaintiff also makes some general statements that the correctional officers at KSVP "do not
9  look in favor of an inmate when charged with battery on a peace officer," and that prison officials
10 retaliated against him by preventing him from exhausting his administrative remedies. These vague,
11 unsupported, conclusory allegations do not show that Plaintiff was prevented from exhausting his
12 administrative remedies through interference, threats, or otherwise. Although the Court is required to
13 construe a pro se litigant's pleadings liberally, it need not credit "naked assertions" or "labels and
14 conclusions," Twombly, 550 U.S. at 555-57, such as the statements Plaintiff has made here.

15 Based on the foregoing, Defendants have shown that Plaintiff has failed to exhaust his
16 administrative remedies as required by the PLRA, and Plaintiff has not demonstrated that those
17 remedies were unavailable to him.

18 **III.   Conclusion and Recommendations**

19 For the reasons set forth above, the Court HEREBY RECOMMENDS that:

20 1. Defendants' motion to dismiss, (ECF No. 28), be GRANTED; and

21 2. Plaintiff's amended complaint be dismissed, without prejudice, for the failure to
22 exhaust administrative remedies.

23 These Findings and Recommendations will be submitted to the United States District Judge
24 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**
25 **days** after being served with these Findings and Recommendations, the parties may file written
26 objections with the Court. The document should be captioned "Objections to Magistrate Judge's
27 Findings and Recommendations." The parties are advised that failure to file objections within the
28 specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on

appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **September 2, 2016**         /s/ *Barbara A. McAuliffe*
                                               UNITED STATES MAGISTRATE JUDGE