UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO TORRES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BURKETT, et al.,<br><br>　　　　Defendants. | No. 1:14-cv-01217-DAD-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST REMEDIES<br><br>(Doc. Nos. 28, 39, 42) |

Plaintiff Gustavo Torres is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 14, 2015, defendants filed a motion to dismiss. (Doc. No. 28.) On September 2, 2016, the assigned magistrate judge filed findings and recommendations recommending that defendants' motion to dismiss be granted due to plaintiff's failure to exhaust his administrative remedies prior to filing suit as required. (Doc. No. 42.) In their motion, defendants argued that on the face of plaintiff's complaint it was clear that he had failed to comply with the thirty-day time limit to submit a valid inmate appeal concerning the incidents complained of in this civil rights action. The assigned magistrate judge agreed and recommended dismissal. The findings and recommendations were served on the parties and contained notice

1

that objections thereto were to be filed within fourteen days.  (*Id.*)

On September 16, 2016, plaintiff timely filed objections to the findings and recommendations.  (Doc. No. 43).  In his objections plaintiff concedes that his inmate appeals concerning the incidents in question were untimely filed.  (*Id*. at 1-2.)  Nevertheless, he contends that administrative remedies were not available to him because prison officials did not respond to his untimely inmate appeals.  The failure by prison officials to respond to an appeal or grievance may excuse a prisoner from fully exhausting his administrative remedies, when the inmate appeal or grievance was properly filed.  *See, e.g.*, *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004); *see also Marella v.Terhune,* 568 F.3d 1024, 1028 (9th Cir. 2010) ("If a prisoner had full opportunity and ability to file a grievance timely, but failed to do so, he has not properly exhausted his administrative remedies."); *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999) ("A prisoner's administrative remedies are deemed exhausted *when a valid grievance has been filed and the state's time for responding thereto has expired.*") (emphasis added); *Dominguez v. Rojas*, No. CV 03-0195 DSF (AJW), 2011 WL 8614834, at *7 (C.D. Cal. Nov. 3, 2011) ("Because no exception to the timely filing requirement applies, it is immaterial that plaintiff never received a response to his inmate appeal.")  Here, however, plaintiff concedes that whatever inmate appeals he filed were untimely.  Moreover, plaintiff has not alleged or made any showing that this untimely filing of his inmate appeal was not his fault or that his inmate appeals were otherwise properly made.  (*See* Doc. No. 43 at 4.)

Plaintiff also asserts that because he is not an attorney, he was "bound to make mistakes along the process" and that these were "honest mistakes."  (Doc. No. 43 at 4.)  That plaintiff may have made an "honest mistake" in belatedly filing his inmate appeals does not establish that administrative remedies were unavailable to him.  Moreover, that circumstance does not show that prison staff affirmatively interfered with plaintiff's ability to exhaust his administrative remedies, or that those remedies were unknowable despite his good faith effort to become informed.  "Plaintiff's subjective unawareness is not enough to excuse exhaustion."  *Passineau v. Oxborrow*, No. 1:12-cv-01894-LJO, 2014 WL 7409103, at *9 (E.D. Cal. Dec. 30, 2014) (citing *Albino v. Baca,* 697 F.3d 1023, 1035 (9th Cir. 2012)).

1  Defendants have carried their burden of establishing that plaintiff failed to exhaust his
2  administrative remedies prior to filing suit as required.  Plaintiff has not shown that such
3  administrative remedies were unavailable to him. Therefore, this action must be dismissed,
4  without prejudice, due to plaintiff's failure to exhaust his administrative remedies before filing
5  this action.
6  Accordingly:
7  1. The September 2, 2016 findings and recommendations (Doc. No. 42) are adopted in
8     full;
9  2. Defendants' motion to dismiss due to plaintiff's failure to exhaust his administrative
10    remedies prior to filing suit as required (Doc. No. 28) is granted;
11 3. This action is dismissed, without prejudice, due to plaintiff's failure to exhaust his
12    administrative remedies before filing suit;
13 4. All other pending motions (Doc. No. 39) are denied as having been rendered moot by
14    this order; and
15 5. The Clerk of the Court is directed to close this case.
16 IT IS SO ORDERED.
17 Dated:   **November 7, 2016**                  _Dale A. Drozd_
18                                                 UNITED STATES DISTRICT JUDGE

3